UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIDFIRST BANK, | ) |
|       Plaintiff, | ) |
| | ) |
|    vs. | )   96 C 2693 |
| | ) |
| EUGENE GRAHAM, UNIVERSITY OF LIFE ITSELF, | ) |
|       Defendants. | ) |
| _____ | ) |
| | ) |
| EUGENE GRAHAM, | ) |
|       Counter-Plaintiff, | ) |
| | ) |
|    vs. | ) |
| | ) |
| MIDFIRST BANK, | ) |
|       Counter-Defendant. | ) |
| _____ | ) |
| | ) |
| EUGENE GRAHAM | ) |
|       Counter-Plaintiff | ) |
| | ) |
|    vs. | ) |
| | ) |
| CHASE HOME FINANCE, LLC., | ) |
| JP MORGAN CHASE & CO., | ) |
|       Counter-Defendants. | ) |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

    This matter comes before the court on two motions by Plaintiff/Counter-Defendant MidFirst Bank ("MidFirst"). The first asks that we dismiss the counterclaim

of Defendant/Counter-Plaintiff Eugene Graham, and the second seeks to strike affirmative defenses set forth in response to MidFirst's complaint. For the reasons set forth below, the motions are granted.

## BACKGROUND

In June 1995, Graham purchased a two-flat building in Chicago's South Austin neighborhood. His decision to purchase the property was made under the guidance of a real estate brokerage company named Easy Life. According to Graham, Easy Life was engaged in an elaborate scam operation whereby they would convince prospective buyers to purchase properties with overstated representations that the buildings were completely renovated or rehabilitated. The amounts of the resulting mortgages would be for amounts exceeding the actual value of the property, and the work that would need to be done to make the buildings conform to their advertised quality would require the new owner to incur substantial cost. Graham alleges that he discovered the true state of the property after he moved in. His first payment was to be made August 1; according to Midfirst's amended complaint to foreclose, he has made no payments on the mortgage since September 1995.

The mortgage lender in Graham's transaction was a company called Chemical Residential Mortgage Corporation. Through a series of assignments that included one to Chase Manhattan Mortgage Corporation, the mortgage and corresponding note

ultimately came to be owned by MidFirst. On May 6, 1996, MidFirst filed suit against Graham to foreclose on the property, but the case was dismissed with leave to reinstate when Graham filed for bankruptcy shortly thereafter. The case has since been reinstated, dismissed, and reinstated again. In February 2006, MidFirst filed an amended complaint, which Graham answered and against which he asserted affirmative defenses. He also filed a counterclaim. Both the affirmative defenses and the counterclaim relied upon allegations of violation of the Illinois Consumer Fraud and Deceptive Business Practices Act based on alleged acts of fraud, misrepresentation, deception, and predatory lending; common-law fraud; unjust enrichment; negligence; unconscionability; estoppel; and intentional infliction of emotional distress.

During the period between the second dismissal and the second reinstatement, Graham filed a separate suit in this court that was assigned to Judge Der-Yeghiayan (Graham v. Midland Mortgage Co. et al., 05 CV 785). The complaint alleged fraud, misrepresentation, and predatory lending; unjust enrichment; negligence and a breach of fiduciary duty; unconscionability; and estoppel against Midland Mortgage Company, Chase Manhattan Mortgage Corporation, and JP Morgan Chase & Company. According to the complaint in that case, Midland had been assigned the mortgage and note from Chase in mid-1999. In December 2005, Judge Der-Yeghiayan found meritorious a motion to dismiss all counts of Graham's complaint on the grounds

that they failed to state a claim upon which relief could be granted. Graham did not appeal that decision.

MidFirst now seeks to dismiss Graham's counterclaim in this action as well as to strike the affirmative defenses he has set forth to their complaint on the grounds that they are barred by the res judicata effect of Judge Der-Yeghiayan's decision.

**LEGAL STANDARDS**

**A. Rule 12(b)(6) Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts that set forth the essential elements of the cause of action. Doherty v. City of Chicago, 75 F.3d 318, 326 (7th Cir. 1996). In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v.

Gibson, 355 U.S. 41, 45-46 (1957). With these principles in mind, we examine the motions at hand.

**B. Rule 12(f) Motion to Strike**

Pursuant to Fed. R. Civ. Proc. 12(f), a court may strike from an answer any insufficient defense. A motion to strike an affirmative defense will not be granted if the defense is sufficient as a matter of law or presents questions of law or fact. Heller Financial v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). Motions to strike affirmative defenses are disfavored and will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991) (internal citations and quotation marks omitted). In other words, affirmative defenses challenged on this basis are tested under a standard identical to that applied in motions to dismiss under Rule 12(b)(6). Bobbitt v. Victorian House, Inc., 532 F. Supp. 734, 737 (N.D. Ill. 1982).

## DISCUSSION

Both parties refer to state law decisions in supporting their respective positions, but as the prior decision was rendered by a federal court, federal rules of preclusion apply. See Havoco of Am., Ltd. v. Freeman, Atkins & Coleman, Ltd., 58 F.3d 303, 307 n.7 (7th Cir. 1995). This is so even if the case is in federal court on diversity

jurisdiction, which was the jurisdictional basis for Case No. 05 CV 785. See id. Though claim preclusion, or res judicata, is a defense, it can be raised in a preanswer motion such as one brought pursuant to Rule 12(b)(6). See Lambert v. Conrad, 536 F.2d 1183, 1186 (7th Cir. 1976).

Federal rules of preclusion dictate that res judicata will bar a later filed claim if an earlier action reached a judgment on the merits, the two suits involve the same parties or their privies, and the claims set forth in the two suits are based on the same, or nearly the same, factual allegations. Brzostowski v. Laidlaw Waste Systems, Inc., 49 F.3d 337, 338-39 (7th Cir. 1995). Graham does not dispute the presence of a judgment on the merits; his arguments go only to the other two elements.

First, he claims that the parties to the earlier suit are not the same in that the main claim in this case is against two defendants: himself and an entity called the University of Life Itself. He ignores the fact that that party is not a plaintiff in the counterclaim, which is the case whose characteristics we must examine here. Second, he points out that Midland and MidFirst are different entities, an issue that MidFirst does not dispute. However, the fact that the two parties are not the same is not conclusive; what matters for res judicata purposes is whether the parties are privies, i.e., whether they represent the same interest vis-à-vis the challenged claims. See TRW, Inc. v. Ellipse Corp., 495 F.2d 314, 317-18 (7th Cir. 1974). Here, Graham has

pursued both MidFirst and Midland as the most recent assignee of the mortgage. Though the complaint often used only the collective term "Defendants" when stating the basis for the claimed violations, both the complaint and the pleadings Graham filed in Case No. 05 CV 785 make clear that his theories of liability were primarily based on actions taken by holders of the note before the current holder. He has made identical arguments with respect to MidFirst in this case. Furthermore, the text of the allegations made in the complaint before Judge Der-Yeghiayan, the counterclaim in this case, and the affirmative defenses are nearly verbatim copies of one another. The only noticeable difference is the specific naming of defendants in portions of the counterclaim and the affirmative defenses. All of Graham's papers in this case and the other indicate that he has treated Midland and MidFirst as basically interchangeable, which prevents him from attacking one with the same claims found deficient as to the other.

With regard to the final element, Graham contends that the claims advanced here do not share their factual basis with the earlier decided ones in that MidFirst has brought a mortgage foreclosure action. Again, his focus is not where it belongs, which is on the contents of the counterclaim and the affirmative defenses as compared with those in the complaint before Judge Der-Yeghiayan. As stated, they are nearly verbatim, and any additional material is clearly part of the same "ball of wax." Okoro

v. Bohman, 164 F.3d 1059, 1062 (7th Cir. 1999). Res judicata bars factually identical claims that either were adjudicated in a previous action or that could have been. See Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S. Ct. 2424, 2428 (1981). The claims Graham sets forth here fall squarely within that formulation. As a result, he cannot pursue them anew in this case.

## CONCLUSION

Based on the foregoing, we conclude that Graham's counterclaim and affirmative defenses are barred by res judicata. Accordingly, the motion to dismiss the former and the motion to strike the latter are granted.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated:   June 9, 2006